**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:03-CR-0337-2** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **JOHN HENRY WEAVER** | : | |

### **ORDER**

AND NOW, this 15th day of June, 2005, upon consideration of the motion of the United States to amend the preliminary order of forfeiture (Doc. 45), see FED. R. CRIM. P. 32.2(e); see also 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p), and it appearing that the preliminary order of forfeiture became final in March 2003 and was incorporated into the judgment of conviction (Doc. 79), see FED. R. CRIM. P. 32.2(b)(3), that the judgment of conviction, including the final order of forfeiture, is the subject of an appeal currently pending before the Court of Appeals for the Third Circuit (Doc. 81), see also United States v. Voigt, 89 F.3d 1050, 1088 (3rd Cir. 1996); United States v. Hurley, 63 F.3d 1, 23-24 (1st Cir. 1995), and that this court lacks jurisdiction to amend the final order of forfeiture during the pendency of the

appeal,[1] see Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985), cited with approval in Hurley, 63 F.3d at 23-24, it is hereby ORDERED that the motion (Doc. 45) is DENIED without prejudice to the government's right to move for an order of forfeiture of substitute assets.  See FED. R. CRIM. P. 32.2(e); see also 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p).

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[1] The opinions cited by the government in support of its position, that a district court retains jurisdiction to amend a final order of forfeiture during an appeal from the judgment of conviction, are inapposite.  In United States v. Hurley, 63 F.3d 1 (1st Cir. 1995), the appellate court recognized that a notice of appeal does not divest the district court of jurisdiction to enter a *new* order of forfeiture with respect to substitute property, but it did not suggest that the lower court retained authority to amend the order presently on appeal.  Id. at 23-24.  Similarly, in United States v. Voigt, 89 F.3d 1050 (3rd Cir. 1996), the Court of Appeals for the Third Circuit stated that, *following remand*, the district court could amend the order of forfeiture to include substitute assets, but it did not imply that the lower court could have done so while the order was still under appellate review.  Id. at 1088.  Neither of these cases, nor the others cited by the United States, see United States v. Saccoccia, 62 F. Supp. 2d 539, 542 (D.R.I. 1999); United States v. Messino, 907 F. Supp. 1231, 1232-33 (N.D. Ill. 1995); United States v. Norton, No. 2:99-CR-10078, 2002 WL 31039138, at *2 n.3 (W.D. Va. Sept. 3, 2002), support the proposition that a district court may modify the terms of a final order of forfeiture during the pendency of an appeal from a judgment incorporating that order.  Cf. Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985) (stating that the divestiture rule "has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously"); United States v. Wilkes, No. 1:04-CR-0287, 2005 WL 1120295, at *1 (M.D. Pa. May 12, 2005) ("There are few circumstances in which a district court may continue to exercise authority over a case after the filing of a notice of appeal . . . .").