UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | NO. 1:03-CR-337 |
| | ) | |
| v. | ) | (Judge Conner) |
| | ) | |
| JOHN HENRY WEAVER, | ) | |
| | ) | (Electronically Filed) |
| Defendant. | ) | |

## FINAL ORDER OF FORFEITURE OF REAL PROPERTY KNOWN AS 144 WELDON STREET, YORK PA

Upon the proceedings had heretofore and the Motion of the United States of America (Doc. 127), the court hereby finds:

In the Information filed on December 8, 2003 (Doc. 1), the United States sought forfeiture of all right title and interest to the real property known as 144 Weldon Street, York Pennsylvania.

The real property known as 144 Weldon Street, York Pennsylvania, Parcel Tax ID 51000050035V000000, (hereinafter "the Real Property") is more fully described as follows:

> All that certain tract of land situate in West Manchester Township, York County, Pennsylvania and being designated as Lot No. 15 on a Final Subdivision Plan of Hillside Meadows, which said plan is recorded in the Office of the Recorder of Deeds in and for York County, Pennsylvania in Plan Book JJ, Page 776, and being more fully described as follows, to wit:

BEGINNING at a point on the western dedicated right-of-way line of
Weldon Drive, a fifty (50) feet wide public street, at the corner of Lot No. 14; thence along the said Lot No. 14, south sixty-eight (68) degrees, forty-nine (49) minutes, zero (00) seconds West, a distance of one hundred twenty and zero one-hundredths (120.00) feet to a point at Lot No. 49; thence along the said Lot No. 49, North twenty-one (21) degrees, eleven (11) minutes, zero (00) seconds West, a distance of twenty-eight and zero one-hundredths (28.00) feet to a point at the corner of Lot No. 16; thence along the said Lot No. 16, North sixty-eight (68) degrees, forty-nine (49) minutes, zero (00) seconds East, a distance of one hundred twenty and zero one-hundredths (120.00) feet to a point on the western dedicated right-of-way line of the aforesaid Weldon Drive; thence along the western dedicated right-of-way line of Weldon Drive, South twenty-one (21) degrees, eleven (11) minutes, zero (00) seconds East, a distance of twenty-eight and zero one-hundredths (28.00) feet to the point and place of BEGINNING . Containing 3,360 square feet.

Under and subject to any restrictions, easements and covenants of
record.

BEING the same premises which John H. Weaver and Deborah A.
Weaver granted and conveyed on December 27, 2002, unto D & D Estates, LLC in the Recorder of Deeds Office for York County in Book 1538, Page 4527.

The Information charges that the Defendant, JOHN HENRY

WEAVER, conspired with other named defendants in violation of

18 U.S.C. § 371 by engaging in bribery in a federally funded program in violation of 18 U.S.C. § 666.

On December 18, 2003, pursuant to the defendant's written plea agreement filed on December 8, 2003 (Doc. 3), the Defendant plead guilty to the violation of 18 U.S.C. § 371, Conspiracy to Engage in Bribery in violation of 18 U.S.C. § 666.

The Defendant agreed in his Plea Agreement to forfeiture of the Real Property. (Doc. 3.)

With respect to the forfeiture of the Real Property, Defendant:

a. agreed no other person or entity has an equitable or legal interest in the Real Property; and

b. waived his right to appear and contest any forfeiture proceedings related to the Real Property. (Doc. 3.)

On October 13, 2004, the Preliminary Order of Forfeiture was entered (Doc. 45) which:

a. found that the United States had established the requisite nexus between the Real Property and the offense;

b. ordered the forfeiture of the Real Property to the United States;

c. ordered the United States to seize and maintain custody of the Real Property and dispose of the Real Property in accordance with the law;

d. ordered that the United States shall have clear title to the Real Property following the Court's disposition of all third party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), incorporated by 18 U.S.C. § 982(b), for the filing of third party claims; and

e. retained jurisdiction to enforce the Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

On November 19, 2004, a certified copy of the Preliminary Order of Forfeiture was posted on the Real Property. (Doc. 57.)

In accordance with 21 U.S.C. § 853(n)(1), the United States published Notice of the Preliminary Order of Forfeiture and its intent to dispose of the Real Property, in the York Dispatch, a newspaper of general circulation, once a week for three consecutive weeks. (Doc. 44.)

In accordance with 21 U.S.C. § 853(n)(1), the United States provided direct written notice of the Preliminary Order of Forfeiture to

all persons known to have an alleged an interest in the Real Property as a substitute for published notice, which included the titled owner of Real Property: D & D Estates, LLC.

D & D Estates, LLC:

a. is a business entity owned entirely by the Defendant;

b. has no registered agent;

c. has no business address or business office location;

d. has no owners or shareholders other than the Defendant; and

e. was created solely for the purpose of placing real properties in its name; and

f. D&D Estates, LLC had no income or assets other than the criminal proceeds of Defendant's violation.

The United States has established that the Defendant had an interest in the Real Property.

The Defendant signed a Quit Claim Deed transferring any interest D&D Estates, LLC had in the Real Property to the United States.

The Defendant had the authority to sign a Quit Claim Deed transferring any interest of D&D Estates, LLC to the United States.

Any person asserting a legal interest in the Real Property had thirty (30) days of the final publication of notice to petition the court for a hearing to adjudicate the validity of his/her alleged interest in the property.

There are no other persons known to have an alleged interest in the Real Property or who reasonably appear to be a potential claimant with standing to contest the forfeiture in an ancillary proceeding.

No claims were filed within the requisite thirty-day period.

The ancillary proceedings are completed.

Any and all third-party interests are barred.

The Defendant was sentenced and the forfeiture of the Real Property was incorporated into the Judgment entered on March 1, 2005. (Doc. 79.)

Pursuant to Fed.R.Crm.P. 32.2(b)(4), the Preliminary Order of Forfeiture became final as to the Defendant at sentencing and became final as to potential claimants upon completion of the ancillary proceedings.

NOW, THEREFORE, it is hereby ORDERED that:

1. All right, title and interest in the Real Property is forfeited to the United States of America pursuant to 18 US.C. § 981(a)(1)(C) and 28 U.S.C. § 2641(c) as proceeds of the Defendant's violation of 18 U.S.C. § 371, engaging in bribery in a federally funded program in violation of 18 U.S.C. § 666.

2. The Real Property is forfeited to the United States free and clear of any and all interests, including any and all interests which may appear in the record of title, which include but are not limited to those of D & D Estates, LLC; Defendant JOHN HENRY WEAVER; any current or prior spouse of Defendant JOHN HENRY WEAVER and any heirs of Defendant JOHN HENRY WEAVER;

3. The Real Property shall be disposed of according to law;

4. The *Lis Pendens* filed on the real property is hereby released having been replaced with this Final Order of Forfeiture;

5. The Judgment to the U.S. Department of Justice in the amount of $1,977,616.00, filed on the Real Property on May 2, 2008, is hereby released upon the sale of the Real Property by the United States to a third party buyer, free and clear of such Judgment;

6. The United States is entitled to its costs for the forfeiture of the Real Property out of the sale proceeds of the Real Property;

7. The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this Final Order of Forfeiture; and

8. The Clerk is hereby directed to send attested copies of this Order to all counsel of record.

Dated this 16TH day of October 2017.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
CHIEF UNITED STATES DISTRICT JUDGE